```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES L. HAIRSTON,              )
                                ) Civil Action No. 06 - 345
            Petitioner,         )
                                ) District Judge Joy Flowers Conti
      v.                        ) Magistrate Judge Lisa Pupo Lenihan
                                )
COMMONWEALTH OF PENNSYLVANIA,   )
                                )
            Respondent.         )
```

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### **I. RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

### **II. REPORT**

Petitioner, James L. Hairston Young, a state prisoner incarcerated at the Federal Penitentiary-Hazelton at Bruceton Mills, West Virginia, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition should be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

#### **A. Relevant Procedural History**

On March 4, 1996, in the Court of Common Pleas of Washington County, Pennsylvania, Petitioner pleaded guilty to numerous counts of burglary, theft, criminal attempt and criminal mischief in nineteen cases (2011 through 20217 of 1995). The Honorable Debbie O'Dell Seneca sentenced Petitioner to an aggregate term of from seven (7) to fourteen (14) years imprisonment (doc. no. 7-1, p. 6). Petitioner did not file any direct appeal.

On May 20, 1996, Petitioner filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542.  On July 1, 1996, Judge Seneca denied Petitioner's PCRA petition (doc. no. 7-1, p. 28).  Petitioner did not file any appeal from this Order.

On June 7, 2004, Petitioner filed a Rule to Show Cause why his Conviction should not be vacated.  The Commonwealth treated the motion as a PCRA petition and argued it was barred by the PCRA one-year limitation period.  On September 15, 2004, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in the Supreme Court of Pennsylvania.  That court denied the petition on December 22, 2005 without an opinion (doc. no. 7-2, p. 25).

Petitioner's federal petition for writ of habeas corpus was executed on March 10, 2006.

**B. Time Period for Filing Federal Habeas Corpus Petitions**

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions.  In this regard, the federal habeas corpus laws were amended pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 142 Cong. Rec. H3305-01 (April 24, 1996), which provides as follows.

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The Court of Appeals for the Third Circuit has held that the statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 125 S.Ct.904 (Jan. 10, 2005).  Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry.  First, the court must determine the "trigger" date for the individual claims raised in the Petition.  Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A).  Second, the court must determine whether any "properly filed" applications for post-conviction or collateral

relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, Petitioner pleaded guilty on March 4, 1996. The Petitioner's judgment became final before the April 24, 1996 effective date of the AEDPA. In Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998), the United States Court of Appeals for the Third Circuit agreed with other courts of appeals in holding that the new one-year limitations period in the AEDPA became effective, *i.e.*, first began to run, on the effective date of the AEDPA statute, April 24, 1996. Consequently, the Court held that habeas petitions filed one year after April 24, 1996, or on or before April 23, 1997, may not be dismissed for failure to comply with § 2244(d)(1)'s time limit. *See also* Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001) (holding that the Petitioners whose convictions became final before the effective date of AEDPA had up until, and including, April 23, 1997 to file a timely petition under § 2244(d)(1)). Thus, under the new one-year limitations period in AEDPA, the Petitioner had until April 23, 1997 to file a federal habeas corpus petition challenging his conviction.

In the case at bar, however, Petitioner's federal habeas corpus petition was not filed in this Court until March 10, 2006, the date he signed his Petition. Thus, this court must determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Petitioner filed a PCRA Petition on May 20, 1996.  The Petitioner's one-year AEDPA limitations was tolled while he was pursuing his first PCRA proceeding from May 20, 1996 through July 1, 1996, the date that his PCRA Petition was denied by the Commonwealth Court of Washington County.  The Petitioner's AEDPA limitations period again was tolled until July 31, 1996, the expiration of the thirty-day time period in which he could have appealed the determination of the Commonwealth Court.  His limitations period began running again on August 1, 1996, and ended one year later on or about August 1, 1997.

Unfortunately for him, Petitioner did not file his federal habeas corpus petition until March 10, 2006, over eight years after his limitations period had expired. He did not file his third habeas corpus petition until April 27, 2005.  Moreover, the time period that the Petitioner was pursuing his Rule to Show Cause and his state habeas corpus petition does not toll the AEDPA limitations period because those petitions were filed after the expiration of the Petitioner's one-year limitations period, which ended on August 1, 1997.  Thus, none of the time period the Petitioner was pursuing those actions is subject to the statutory tolling provisions.

Moreover, nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Id*. at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if:  "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), *cert. denied,* 513 U.S. 1086 (2001).  In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.*, Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling).

The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, it is recommended that the Petition be dismissed as untimely.

### C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions.  Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been

issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and

Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: November 16, 2006

cc:   The Honorable Joy Conti Flowers
      United States District Judge

      James L. Hairston
      07762-068
      United States Penitentiary-Hazelton
      Box 2000
      Bruceton Mills, WV 26525

      Paul M. Petro
      Office of the District Attorney
      Washington County
      One South Main Street
      Suite 1003
      Washington, PA 15301